NICHOLAS RADICE, Respondent, *v.* LOUIS EINSIDLER, Appellant.

Supreme Court, Appellate Term, Second Department, October 15, 1924.

Negligence — action for damages from breaking of radiator coupling in apartment — failure of janitor to cut off heat immediately upon learning of break, in absence of proof showing said failure was cause of damage, not negligence.

A judgment for the plaintiff, in an action for damages suffered by reason of the breaking of a radiator coupling in an apartment, should be reversed in the absence of proof of a defective condition which might have been disclosed upon an inspection, or an improper placement of the radiator. The fact that the janitor failed to cut off the heat after hearing it escape in plaintiff's apartment was not negligence, in the absence of proof showing that his failure caused the damage.

APPEAL from a judgment of the Municipal Court, Borough of Queens, First District.

*Jacob Zelenko,* for the appellant.

*Henrietta Isaacson,* for the respondent.

PER CURIAM:

Judgment unanimously reversed upon the law, with thirty dollars costs to appellant, and complaint dismissed, with appropriate costs in the court below.

The proof did not establish that the accident was caused by the negligence of the defendant. There was no defect in the

Appellate Term, Second Department, October, 1924. [Vol. 125

coupling that broke. Nor is there any proof that the radiator and coupling were improperly placed. The testimony of the expert, that the accident would not have happened if things were in proper place, is not proof of an improper placement. There being no proof of a defective condition or an improper placement, there was nothing that an inspection would have disclosed. Concededly, no complaint had ever been made regarding the radiator or its connections. Though the accident was not one of frequent occurrence, that would not necessarily defeat recovery. (*Quill* v. *Empire State Telephone & Telegraph Co.*, 92 Hun, 539.) But the proof also showed that it was one that was not to be expected to happen. There was no basis for holding the defendant liable for turning on the heat. About two hours or more after the heat was turned on, defendant's janitor heard it escaping in plaintiff's apartment. He did not then attempt to cut off the heat but waited until the usual time, about eight o'clock. This failure, however, is not shown to have been the cause of the damage. The record does not show whether the furnishings were damaged before or after the janitor knew that the steam was escaping.

Present: Cropsey, Lazansky and MacCrate, JJ.